J-S19037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YASIR STEVENS-REDDY | : | No. 2559 EDA 2024 |

Appeal from the Order Entered August 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003384-2023

BEFORE:  PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY BECK, J.:                                    **FILED AUGUST 4, 2025**

The Commonwealth files this interlocutory appeal from the order entered by the Philadelphia County Court of Common Pleas ("suppression court") granting the motion filed by Yasir Stevens-Reddy ("Stevens-Reddy") to suppress statements he made to police while in custody.[1]  The Commonwealth argues that Stevens-Reddy waived his **Miranda**[2] rights.  We affirm.

We glean the following facts and procedural history from the certified record.  Police responded to a report of gunshots fired on October 12, 2022 in

_____

[1] The Commonwealth certified that the suppression court's order "terminates or substantially handicaps its prosecution."  Notice of Appeal, 9/18/2024; **see also** Pa.R.A.P. 311(d) (stating, in relevant part, that in criminal cases, "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

the City of Philadelphia. N.T., 8/19/2024, Ex. C-18 (affidavit of probable cause). After investigation, City of Philadelphia Detectives Kelly Gallagher and Patrick Cavalieri conducted a custodial interrogation of Stevens-Reddy on January 24, 2023 at the police station. *Id.* at 40, 62, 64, Ex. C-20 (video of Stevens-Reddy's interrogation with police). On May 23, 2023, the Commonwealth filed a criminal information charging Stevens-Reddy with firearms violations.[3] On August 15, 2024, Stevens-Reddy filed a motion to suppress, inter alia, the statements he made to the detectives after he invoked his right to counsel. The suppression court held a hearing on August 19, 2024, at which Stevens-Reddy argued, in relevant part, that once he invoked his right to counsel, the detectives failed to stop the interrogation and his responses to further police questioning after that did not amount to a waiver of his right to counsel. *Id.* at 6-7, 54-55, 57-58, 71-72.

The Commonwealth presented the testimony of Detective Gallagher and the video of Stevens-Reddy's police interrogation; Stevens-Reddy presented City of Philadelphia Police Department Directive 5.23 ("Interviews and Interrogation – Rights of Individuals and Duties of Law"). *Id.* at 62-70, Exs. C-20, D-1.[4] The record reflects that the detectives gave Stevens-Reddy his

_____

[3] 18 Pa.C.S. §§ 6106(a)(1), 6105(a)(1), 6108.

[4] We are unable to locate exhibit D-1 in the certified record. "It is an appellant's duty to ensure that the certified record is complete for purposes of review." *Commonwealth v. Abdul-Ali*, 333 A.3d 1059, 1063 n.2 (Pa. Super. 2025) (quotation marks and citation omitted). The suppression court quoted
*(Footnote Continued Next Page)*

*Miranda* warnings before the start of the interrogation. Nearly twelve minutes into the interrogation, the following exchange took place:

| | |
|---|---|
| Stevens-Reddy: | Would I be able to call my lawyer? |
| Detective Gallagher: | You can, yeah. |
| Stevens-Reddy: | I got, uh, Lou Savino.[5] |
| Detective Gallagher: | Do you want to continue this interview or what do you want to do? |
| Stevens-Reddy: | I want to continue it but I want my lawyer present. |
| Detective Gallagher: | Ok. So then we have to end the interview. |
| Stevens-Reddy: | You have to end the interview? |
| Detective Gallagher: | Mmm hmm. If you want your lawyer here, we have to end the interview. |
| Stevens-Reddy: | Will he be here today or no? |
| Detective Gallagher: | Probably not. Lou Savino is a very busy man. |
| Stevens-Reddy: | Yeah, I called him this morning before I left Delaware. |
| Detective Gallagher: | If you want him here, we'll end the interview. |

---

the relevant portion of the missing exhibit in its opinion, and the Commonwealth does not contest its accuracy. Regardless, the suppression court made clear, and the Commonwealth concedes, that the court based its decision on applicable case law, not the directive. *See* Suppression Court Opinion, 12/20/2024, at 7; *see also* Commonwealth's Brief at 14.

[5] Lou Savino was counsel for Stevens-Reddy at the time.

| Stevens-Reddy: | You can keep it going. |
| --- | --- |
| Detective Gallagher: | Are you sure you want to do this without a lawyer? |
| Stevens-Reddy: | Yeah, because I got the right to remain silent, right? |
| Detective Cavalieri: | Sure. |

Suppression Court Opinion, 12/20/2024, at 2-3 (quoting N.T., 8/19/2024, Ex. C-20 (at timestamp 11:49-12:31)).

At the close of the hearing, the suppression court granted the motion to suppress the statements Stevens-Reddy made after he invoked his right to counsel.[6] It found that his invocation of the right to counsel was clear and unequivocal; his words after Detective Gallagher told him his attorney would be unavailable were equivocal; and his interaction with detectives after he asked for an attorney and was not re-Mirandized "may have been voluntary, but it certainly was not knowing and it was not an intelligent waiver." Suppression Court Opinion, 12/20/2024, at 3 (quoting N.T., 8/19/2024, at 77-78).

This interlocutory appeal followed. The Commonwealth presents the following question for our review: "Did the [suppression] court err by suppressing [Stevens-Reddy's] Mirandized statement where, although he at one point requested the presence of counsel, he began to question the police when they announced that they were ending the interview and then changed

---

[6] The suppression court denied Stevens-Reddy's motion to suppress all physical evidence, including his DNA, that was premised upon an allegation of lack of probable cause for his arrest. *See* N.T. 8/19/2024, at 50-54.

his mind and decided to proceed without an attorney?" Commonwealth's Brief at 3.

> We review the grant of a suppression motion to determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from those facts are correct. We defer to the suppression court's factual findings if they are supported by the record. We, however, give no such deference to the suppression court's legal conclusions and, instead, review them de novo.

*Commonwealth v. Seeney*, 316 A.3d 645, 648 (Pa. Super. 2024) (citations and quotation marks omitted). "[O]ur scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing." *Commonwealth v. James*, 332 A.3d 859, 863 (Pa. Super. 2025) (citation and quotation marks omitted).

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Seeney*, 316 A.3d at 648-49 (quotation marks and citation omitted); *see also* Pa.R.Crim.P. 581(H).

"It is well[]settled that when a defendant is subject to a custodial interrogation, the Fifth Amendment requires that law enforcement officers provide a defendant with his *Miranda* warnings." *Seeney*, 316 A.3d at 649 (citing U.S. CONST. amend. V; *Miranda*, 384 U.S. at 444; *Commonwealth v. Mannion*, 725 A.2d 196, 200 (Pa. Super. 1999)).

> In *Miranda*[], the United States Supreme Court declared that an accused has a Fifth and Fourteenth Amendment right to have

counsel present during custodial interrogation, so as to ensure that the defendant's right against compulsory self-incrimination is protected. In **Edwards v. Arizona**, 451 U.S. 477[] (1981), the High Court revisited its holding in **Miranda** and adopted a prophylactic rule that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." **Edwards**, 451 U.S. at 484[]. The High Court explained that an accused, "having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." **Id.** at 484-85[]. The purpose behind this rule is "to prevent police from badgering a defendant into waiving his previously asserted **Miranda** rights." **Michigan v. Harvey**, 494 U.S. 344, 350[] (1990).

**Commonwealth v. Martin**, 101 A.3d 706, 725 (Pa. 2014) (emphasis omitted). "[I]n **Minnick** [**v. Mississippi**, 498 U.S. 146, 153 (1990), the United States Supreme] Court clarified the **Edwards** rule by holding that 'when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney.'" **Commonwealth v. Santiago**, 599 A.2d 200, 201 (Pa. 1991). After a suspect invokes the right to counsel, police may not interrogate the suspect unless he both initiates the contact and knowingly and intelligently waives the right to counsel. **See Smith v. Illinois,** 469 U.S. 91, 95 (1984) (per curiam) (citing **Edwards**, 451 U.S. at 486 n.9). "If police conduct further interrogations outside the presence of counsel, 'the suspect's statements are presumed involuntary and therefore inadmissible as substantive evidence at trial, even where the suspect executes a waiver and

his statements would be considered voluntary under traditional standards.'"
***Commonwealth v. Champney***, 161 A.3d 265, 272 (Pa. Super. 2017) (en
banc) (quoting ***McNeil v. Wisconsin***, 501 U.S. 171, 177 (1991)).

"[T]he determination of whether the right to counsel was invoked by the
accused is an 'objective inquiry.'" ***Martin***, 101 A.3d at 725 (quoting ***Davis v.
United States***, 512 U.S. 452, 458-59 (1994)). "The accused must 'articulate
his desire to have counsel present sufficiently clearly that a reasonable police
officer in the circumstances would understand the statement to be a request
for an attorney.'" ***Martin***, 101 A.3d at 725-26 (quoting ***Davis***, 512 U.S. at
459).

The Commonwealth argues that Stevens-Reddy knowingly, intelligently,
and voluntarily waived his ***Miranda*** rights. Commonwealth's Brief at 8, 10.
It contends that when he requested an attorney, the "detectives properly
announced that they were ending the interview," but it was Stevens-Reddy,
not the detectives, who "decided to reengage by asking follow up questions
and then directing that the interview should proceed." ***Id.*** at 8-9.
Distinguishing case law where police told a defendant that he "had" to talk or
"could not refuse," the Commonwealth argues that the detectives did not
badger Stevens-Reddy but merely responded to his inquiries and only
interrogated him after he gave them his authorization. ***Id.*** at 8, 11-13
(citations omitted). It further contends that the detectives were not required
to re-Mirandize him because it would not have served any "meaningful
purpose" where he "had just been fully Mirandized at the same location by the

same detectives" and "he continued to deny possessing a gun both before and after the interrogation resumed." *Id.* at 14. Finally, the Commonwealth argues that any alleged violation of Philadelphia Police Department Directive 5.23 does "not provide an independent basis for suppressing evidence." *Id.* at 14-15.

The suppression court concluded that once Stevens-Reddy invoked his right to counsel, the detectives were required to immediately stop the interrogation and not resume until he was given an opportunity to contact his attorney or he reinitiated the interrogation on his own and the detectives re-issued *Miranda* warnings. Suppression Court Opinion, 12/20/2024, at 6, 9. The suppression court further explained its reasoning as follows:

> [The suppression c]ourt found that Stevens-Reddy's invocation was clear and unequivocal, and that any reengagement by the detectives after that point should not have occurred. (N.T. 8/19/[2024, at] 77[.]). The record shows that Stevens-Reddy was in police custody and in an interview room with two detectives who were interrogating him about a shooting in South Philadelphia. A video of the interview indicates that approximately 12 minutes into the interview, Stevens-Reddy clearly and unambiguously stated, "Would I be able to call my lawyer? … I want to continue it but I **want my lawyer present**." (emphasis added.) At this point, under … case law…, the interrogation should have ceased immediately and not resumed until Stevens-Reddy had been given the opportunity to reach out to counsel or reinitiated the interview on his own with renewed *Miranda* warnings from detectives. None of this happened. Instead, the detective continued to talk to him, telling him that his lawyer was "a very busy man" and therefore probably would[ no]t be able to appear that day. Any equivocation in Stevens-Reddy's words w[as] **after** Detective Gallagher told him that his lawyer was busy. [The suppression c]ourt found that Stevens-Reddy's equivocation demonstrated that his decision to go forward with the interview after that point was not knowing—"[i]t may have been voluntary,

but it certainly was not knowing and it was not an intelligent waiver." (N.T. 8/19/[20]24, [at] 77-78[.]). Since detectives did not cease their interrogation immediately once Stevens-Reddy clearly and unambiguously invoked his right to counsel, [the suppression c]ourt properly granted his motion to suppress. Accordingly, no relief is due the Commonwealth.

Suppression Court Opinion, 12/20/2024, at 6-7 (emphasis in original; case law citations omitted). The suppression court further found that Philadelphia Police Department Directive 5.23, requiring an interrogation to cease immediately when a suspect invokes **Miranda** rights, comports with case law. **Id.** at 7. Accordingly, it concluded that suppression was required because "Stevens-Reddy unambiguously told detectives, 'I want my lawyer present,' and detectives continued to engage with him instead of ending the interview immediately[.]" **Id.**

Based on the record before us, we agree with the suppression court that Stevens-Reddy unequivocally invoked his right to counsel when he asked to call his lawyer and stated that he wanted his lawyer present.[7] **See** N.T., 8/19/2024, Ex. C-20; **see also Martin**, 101 A.3d at 725-26. The detectives were therefore required to immediately stop their questioning. **See Edwards**, 451 U.S. at 484-85; **see also Davis**, 512 U.S. at 454 (stating that once an accused clearly requested an attorney, the officers are required to "immediately cease questioning"). However, the detectives did not stop to allow Stevens-Reddy an opportunity to contact his attorney. Despite his clear

---

[7] The Commonwealth concedes this point, stating in its brief that Stevens-Reddy "advised [the detectives] that he wanted an attorney…." Commonwealth's Brief at 9.

invocation of the right to counsel, Detective Gallagher twice phrased her response to Stevens-Reddy as though his request was equivocal, telling him that **if** he wanted his lawyer, they would end the interview. *See* N.T., 8/19/2024, Ex. C-20. There was nothing ambiguous about Stevens-Reddy's request; her repeated use of the word "if" led to Stevens-Reddy's continued responses.

We find our Supreme Court's substantially similar decision in ***Commonwealth v. Zook***, 553 A.2d 920, 923 (Pa. 1989), to be controlling. In ***Zook***, the appellant asked police "if he could use the phone to call his mother to see if she could get him an attorney." ***Zook***, 553 A.2d at 922 (citation omitted). The lieutenant responded, "are you saying you want us to stop questioning until you have an attorney present?" ***Id.*** (citation omitted). The appellant responded, "no, go ahead and finish with what you are doing." ***Id.*** (citation omitted). Our Supreme Court held that the trial court erred in failing to suppress all statements the appellant made after he requested to use the phone to have his mother get an attorney. ***Id.*** Our Supreme Court explained as follows:

> Appellant clearly invoked his rights under ***Miranda*** to secure counsel. Appellant's request here to use the phone to call his mother to see if she could get him an attorney is a clear exercise of that right. Further interrogation at that point was not instigated by Appellant but by Lieutenant Landis. We do not view Lt. Landis' **continued** questioning as intended to clarify Appellant's desires respecting counsel. What, in Appellant's request, needs clarification? What was equivocal or ambiguous? Appellant reportedly said, "Can I use the phone to call my mother to see if she can get me an attorney?" to paraphrase Lt. Landis' testimony.

- 10 -

> The only acceptable response from the police should have been "YES"! Not, "are you saying you want us to stop questioning you until you have an attorney present?" He did not unilaterally initiate continued interrogation…. He was led into continued questioning by Lt. Landis.

*Zook*, 553 A.2d at 923 (emphasis in original). The Court further concluded that the appellant's "subsequent cooperation cannot be used to cast doubt on the validity of his initial assertion of the right to counsel." *Id.* (citing *Smith*, 469 U.S. at 95).

As in *Zook*, Stevens-Reddy clearly invoked his right to counsel and did not initiate continued interrogation; rather, further interrogation was instigated by Detective Gallagher. Detective Gallagher confirmed at the suppression hearing that her continued responses after Stevens-Reddy said he wanted a lawyer "were to clarify exactly what he wanted to do." *See* N.T., 8/19/2024, at 65. As in *Zook*, however, there was nothing to clarify since his invocation was clear. *See Zook*, 553 A.2d at 923. Further, the record reflects that there was no clear break in this dialogue such that a reinitiation occurred. *See Commonwealth v. Frein*, 206 A.3d 1049, 1069-70 (Pa. 2019) ("Without a stop or a break in conversation, we fail to see how there could be a subsequent reinitiation of conversation.") (emphasis omitted). Stevens-Reddy's subsequent cooperation therefore did not result in a knowing and intelligent waiver of his right counsel after the invocation. *See id.*; *Smith*, 469 U.S. at 95. Accordingly, we discern no error in the suppression court's grant of Stevens-Reddy's motion to suppress the statements he made after he invoked his right to counsel.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/4/2025